[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14605
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00117-MSS-DAB

LARRY RUMBOUGH,

Plaintiff-Appellant,

versus

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC,
CHEXSYSTEMS COLLECTION AGENCY, INC.,
MANN BRACKEN, LLC,
BANK OF AMERICA CORPORATION,
LAW OFFICES OF ERSKINE & FLEISHER,
CITIFINANCIAL, INC.,
LEXISNEXIS RISK SOLUTIONS FL, INC.,
LEXISNEXIS SCREENING SOLUTIONS, INC.,
COLLECTCORP CORPORATION,
FIRST PREMIER BANK, et al.,
ALLIANCEONE,INC.,

Defendants-Appellees,

CBC COMPANIES,
NCO FINANCIAL SYSTEMS, INC., et al.,

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 9, 2012)

Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.

PER CURIAM:

Larry Rumbough, proceeding pro se, filed a complaint against thirty-six defendants, including banks, credit reporting companies, other financial entities, and law firms, seeking damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559. Rumbough appeals the district court's order requiring him to post a cost bond of $250 per defendant as a condition for filing an amended complaint and its action striking that complaint and dismissing the case when he failed to comply with that order. Rumbough contends that the bond was unjustified because it was not based on any relevant law or facts. He also asserts that the court did not make any specific findings about whether the bond amount was reasonable in light of his financial circumstances.

The district court ordered the cost bond based in part on its inherent powers.[1] We review a district court's exercise of its inherent powers for an abuse of discretion, but a determination about the scope of those powers is a legal conclusion that we review de novo. Pedraza v. United Guar. Corp., 313 F.3d 1323, 1328 (11th Cir. 2002). A district court has the inherent authority to manage its own docket and may dismiss a complaint if a plaintiff fails to comply with a court order. See Equity Lifestyle, Props., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 & n.14 (11th Cir. 2009); Fed. R. Civ. P. 41(b). Federal courts also have the inherent power to require the posting of cost bonds. Pedraza, 313 F.3d at 1335.

A court's exercise of its inherent powers sometimes collides with a litigant's right of access to the courts, which is "unquestionably a right of considerable constitutional significance." Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir.

---

[1] The court also based its order on Federal Rule of Civil Procedure 41(d), which provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). The court, however, made no findings about whether Rumbough had filed an action based on or including the same claims against the same defendants, as Rule 41(d) requires. Instead, the court noted only that Rumbough had filed lawsuits in the past against some of the defendants in the present lawsuit. Also, the district court did not direct Rumbough to pay the costs of the earlier lawsuit, which Rule 41(d) permits, but instead ordered Rumbough to post a bond as security for costs in the present lawsuit.

3

2008). That right of access, however, is "neither absolute nor unconditional." Id. (quotation marks omitted). Courts may impose conditions on access, but they also must ensure that "indigent litigants are not completely prohibited from seeking judicial relief." Id. at 1096–97. In imposing a cost bond as a condition of filing a complaint, "[t]he district court, in the exercise of its sound discretion, must settle upon an assurance which is fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff." Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 728 (1st Cir. 1984).

In the present case the district court acted within its discretion by ordering Rumbough to post a cost bond. The court found that Rumbough was a "frequent pro se litigator," that he had been required to post a cost bond before and had failed to do so, and that he had previously filed complaints against some of the same defendants as those in the present case. Requiring the posting of a cost bond for each defendant before allowing Rumbough to file his amended complaint compelled more careful consideration of which defendants to sue and ensured that Rumbough would pay at least part of any costs that might be imposed against him.

Rumbough's basis for challenging the order imposing the cost bond, however, was that he was financially unable to post it. The district court failed to

4

inquire further into that stated reason for challenging the cost bond. Cf. Aggarwal, 745 F.2d at 728–29 (holding that the district court should have made findings about the plaintiff's alleged financial inability to post a cost bond and could have required the plaintiff to produce "a detailed financial statement or copies of his federal income tax returns"). The district court should have considered Rumbough's financial ability to post the bond before dismissing his complaint. For that reason, we vacate the district court's order dismissing Rumbough's complaint and remand for it to do so.

**VACATED AND REMANDED.**